Owen B. Walsh, Esq. County of Nassau Office of the County Attorney Nassau County Executive Building One West Street Mineola, New York 11501-4820
Dear Mr. Walsh:
You have requested an opinion regarding whether the Nassau County Correctional Center may assign its inmates to clean, remove, and paint over graffiti on private property.
You have informed us that the Nassau County Correctional Center currently has an inmate graffiti removal work crew that cleans, removes and paints over graffiti on County public buildings, County of Nassau park facilities, highway apparatus and abutments. The Nassau County Correctional Center would like to expand this service to include removal of graffiti on private property.
In a telephone conversation, you informed us that Nassau County is urging private property owners to clean up graffiti on their properties. Such clean-up is the responsibility of the property owner. However, many private property owners are frustrated because shortly after spending the time and money to clean up their properties they soon become re-covered with graffiti. Therefore, to keep Nassau County free from graffiti, and to prevent private property owners from repeatedly having to expend their time and money to remove this graffiti, you would like to have the inmates of Nassau County Correctional Facility clean, remove and paint over graffiti on private property.
You note that the Nassau County Community Services Agency utilizes probationers and other individuals sentenced to perform community service to clean, remove and paint over graffiti on both public and private property. However, as you further note, graffiti removal by probationers and individuals sentenced to conditional discharge is specifically permitted by Penal Law § 65.10. Penal Law § 65.10
provides, in pertinent part, as follows:
When imposing a sentence of probation or of conditional discharge, the court shall, as a condition of the sentence, consider restitution or reparation and may, as a condition of the sentence, require that the defendant:
. . .
(h) Perform services for a public or not-for-profit corporation, association, institution or agency, including but not limited to services . . . in an appropriate community program for removal of graffiti from public or private property, including any property damaged in the underlying offense. . . . Such sentence may only be imposed upon conviction of a misdemeanor, violation, or class D or class E felony, or a youthful offender finding replacing any such conviction, where the defendant has consented to the amount and conditions of such service. Penal Law § 65.10(2)(h).
Therefore, the Nassau County Community Services Agency is specifically permitted by statute, upon order of the court, to use probationers and individuals sentenced to conditional discharge to clean, remove and paint over graffiti on both public and private property.
Unlike the Penal Law, the Correction Law does not provide for the use of inmate labor for private purposes. Correction Law § 177
provides, in pertinent part, as follows:
The labor of inmates in local correctional facilities after the necessary labor for and manufacture of all needed supplies for the same, shall be primarily devoted to the counties, respectively, in which said local correctional facilities are located, and the towns, cities and villages therein, and to the manufacture of supplies for the public institutions of the counties, or the political subdivisions thereof, and secondly to the state and the public institutions thereof. Correction Law §177(2).
Thus, inmate labor may only be used in relation to public property. This provision implements constitutional restrictions which provide that "prisoners sentenced to the several state prisons, penitentiaries, jails and reformatories in the state" shall not be "required or allowed to work, while under sentence thereto, at any trade, industry or occupation, wherein or whereby his work, or other product or profit of his work, shall be farmed out, contracted, given or sold to any person, firm, association or corporation." N Y Const, art 3, § 24. The purpose of this provision was to protect private industry from competition from inmate labor. See, Revised Record of the Constitutional Convention of the State of New York, August 25, 1894.
Accordingly, although inmate labor clearly may be used to supplement the public work force, including assisting in the removal of graffiti from public property, Correction Law § 177 does not provide for the use of inmate labor for private purposes, which would include the removal of graffiti from private property. Because the removal of graffiti from private property would be for the benefit of the private property owners, the use of inmate labor to remove such graffiti is not permitted under either Correction Law § 177 or article 3, section 24 of the State Constitution.
We conclude that although Correction Law § 177 provides for the use of inmate labor for public purposes, including the removal of graffiti from public property, it does not provide for the use of inmate labor for private purposes, which includes the removal of graffiti from private property. Additionally, article 3, section 24 of the State Constitution does not permit the employment of prisoners for the benefit of any person, firm association or corporation. Accordingly, the Nassau County Correctional Center may use inmate labor to clean, remove and paint over graffiti on public property, but may not use inmate labor to clean, remove and paint over graffiti on private property.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
YVONNE M. HOVE
Assistant Attorney General